IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD H. WELTON, JR,

      Petitioner,               CASE NO. 2:09-CV-368
                                 JUDGE HOLSCHUH
v.                            MAGISTRATE JUDGE KING

WARDEN, Lebanon Correctional
Institution,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, Doc. No. 6, respondent's return of writ, Doc. No. 11, petitioner's traverse, Doc. No. 19, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Twelfth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On March 27, 2006, appellant was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree. Each count included a specification that the victim was under the age of ten at the time of the offenses. The indictment stemmed from allegations of sexual abuse made against appellant by A.W., his niece. In December 2005, nine-year-old A.W. told her mother that appellant had "touched her body parts" and told her grandmother that appellant engaged in sexual intercourse with her on three occasions. These three incidents, according to A.W., took place during a period of time spanning from 2003 to 2005.

Following a two-day jury trial in June 2006, appellant was found not guilty on the first two rape counts and guilty on the third rape count. The jury also made a finding that the victim was under the age of ten when the offense occurred. Appellant was thereafter sentenced to life in prison. Appellant timely appeals, raising four assignments of error.

Assignment of Error No. 1:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO REMOVE NUMEROUS JURORS FOR CAUSE."

Assignment of Error No. 2:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO CONDUCT AN ADEQUATE VOIR DIRE OF THE NINE-YEAR-OLD CHILD WITNESS TO DETERMINE HER COMPETENCY TO TESTIFY."

Assignment of Error No. 3:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO EXCLUDE THE LAW ENFORCEMENT OFFICERS' TESTIMONY ABOUT DEFENDANT'S ALLEGED CONFESSION."

Assignment of Error No. 4:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REPEATEDLY ADMITTING HEARSAY STATEMENTS OF THE ALLEGED CHILD VICTIM."

*State v. Welton,* 2008 WL 1932436 (Ohio App. 12th Dist. May 5, 2008). On May 5, 2008, the appellate court affirmed the trial court's judgment. On October 1, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Welton,* 119 Ohio St.3d 1474 (2008). On August 4, 2008, petitioner filed an application to reopen his appeal pursuant to Ohio

Appellate Rule 26(B).  In that application, petitioner asserted that he had been denied the effective assistance of counsel because his attorney failed to raise on direct appeal a claim that his confession was unconstitutionally obtained and a claim that the trial court improperly denied his motion for a directed verdict of acquittal.  *See Exhibits 15, 18 to Return of Writ*.  On September 5, 2008, the appellate court denied petitioner's Rule 26(B) application.  *Exhibit 18 to Return of Writ*.  On December 3, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal from that judgment.  *State v. Welton*, 120 Ohio St.3d 1422 (2008).

On June 1, 2009,[1] petitioner filed the *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitiioner alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  The trial court erred to the prejudice of appellant by failing to remove numerous jurors for cause.
>
> 2.  The trial court erred to the prejudice of the appellant by failing to conduct an adequate voir dire of the nine year old child witness to determine her competency to testify.
>
> 3.  The trial court erred to the prejudice of appellant by failing to exclude the law enforcement officer's testimony about defendant's alleged confession.
>
> 4.  The trial court erred to the prejudice of appellant by repeatedly admitting hearsay statements of the alleged child victim.

It is the position of the respondent that petitioner's claims are procedurally defaulted and

---

[1]  The petition is time-stamped as received on May 8, 2009.

without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to fairly present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) ( *per curiam* ); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state

ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.*

In claim one, petitioner asserts that he was denied a fair trial because the trial court failed to remove certain jurors for cause. In claim three, petitioner asserts that he was denied a fair trial because the trial court failed to exclude his alleged confession to police. In claim four, petitioner asserts, *inter alia*, that he was denied a fair trial because the alleged victim's mother testified that the alleged victim, A.W., wrote down on a piece of paper that [petitioner] was touching her body parts. *See State v. Welton, supra.* The state appellate court explicitly reviewed these claims on direct appeal for plain error only, due to petitioner's failure to object at trial or to file a motion to suppress. Respondent contends that petitioner has waived these claims for federal habeas corpus review.

A state appellate court's plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir. 2000).

> Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley,* 380 F.3d 932, 968 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith,* 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.;*

> *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001); *Stojetz v. Ishee,*
> 2006 WL 328155 *12 (S.D. Ohio Feb.10, 2006).
>
> A state court's review of an issue for plain error is considered
> by the Sixth Circuit as the enforcement of a procedural default.
> *Williams,* 380 F.3d at 968; *Hinkle,* 271 F.3d at 244. The federal
> court, in determining whether a state court has relied on a
> procedural rule to bar review of an issue, examines the latest
> reasoned opinion of the state courts and presumes that later
> courts enforced the bar instead of rejecting the claim on the
> merits. *Hinkle,* 271 F.3d at 244 (citing *Ylst, v. Nunnemaker,* 501
> U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

*Adams v. Bradshaw,* 484 F.Supp.2d 753, 771 (N.D. Ohio 2007).   Petitioner has failed to

establish either cause and prejudice for his procedural defaults; moreover, this is not "an

extraordinary case, where a constitutional violation has probably resulted in the conviction

of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*,

505 U.S. 333 (1992).

Claims one, three, and the foregoing portion of claim four have therefore been

waived.

**CLAIMS TWO AND FOUR: FAIR PRESENTMENT**

In claim two, petitioner asserts that he was denied a fair trial because the trial court

failed to conduct an adequate voir dire of the nine year old witness to determine her

competence to testify against him.  In the remaining portion of claim four, petitioner asserts

that the trial court improperly admitted hearsay statements of the alleged victim.

Petitioner presented these claims in the state appellate court only as issues of state

evidentiary rules and state law.  *See Exhibit 8 to Return of Writ.*   The state appellate court

reviewed these claims only on that basis:

> Children under the age of ten are rebuttably presumed to be incompetent to testify.  R.C. 2317.01; Evid.R. 601(A). A trial judge must conduct a voir dire examination of a child less than ten years of age to determine whether he or she is competent to testify. *State v. Frazier* (1991), 61 Ohio St.3d 247, 250-51, 574 N.E.2d 483. In making this determination, the trial court must consider the child's ability to receive, recall and communicate accurate impressions of fact, understand truth and falsity, and appreciate the responsibility to be truthful. *Id.* at 251, 574 N.E.2d 483.
>
> A reviewing court will not disturb the trial court's finding of child witness competency absent an abuse of discretion. *State v. Short* (July 6, 1992), Butler App. No. CA91-04-066, at 4. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Hancock,* 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, ¶ 130.
>
> A review of the transcript establishes that the trial court conducted an adequate voir dire to determine whether A.W. was a competent witness. Upon questioning, A.W. was able to provide her name, birthday, current age, the age she would be on her next birthday, the age of her sister, the identities of the people she lived with, and the city in which she resided. She was also able to communicate her upcoming grade in school, the name of the school she would be attending that year, the name of the school she attended the previous year, the name of her teacher from the previous school year, her awareness of being in the courtroom, why she was in court, and how she got to the court.
>
> A.W. also recognized that it would not be truthful to say her sister drove her to court because her grandmother had driven her to court. She indicated that she was punished when she did not tell the truth at home. She stated that she would follow the oath that the trial judge had explained to her and tell the truth. Finally, A.W. acknowledged that she would not guess if she did not know the answer to a question and that she would say she did not understand a question if that were the case.
>
> The trial court is afforded a large amount of flexibility in eliciting

from a child witness a declaration that he or she will testify truthfully. *In re Z.C.,* Montgomery App. No. 21231, 2006-Ohio-5378, ¶ 9; *In re Slone* (Dec. 22, 2000), Montgomery App. No. 18405, 2000 WL1867585, at *3. The questions posed to A.W. were similar to those utilized to ascertain child witness competency in a number of other Ohio cases. *See, e.g.*, *State v. Sprauer,* Warren App. No. CA2005-02-022, 2006-Ohio-1146, ¶ 12, fn. 1; *State v. Abzell,* Fairfield App. No. 04CA11, 2005-Ohio-1704, ¶ 23-96; *State v. Olah,* 146 Ohio App.3d 589, 2001-Ohio-1641, ¶ 13. A.W.'s answers to the trial court's questions indicated that she was able to receive, recall, and communicate accurate impressions of fact, understand truth and falsity, and appreciate her responsibility to be truthful. The trial court therefore did not abuse its discretion in finding her competent to testify at appellant's trial.

\* \* \*

Appellant argues that the trial court erred in permitting several witnesses to testify about out-of-court statements made to them by A.W. The admission of testimony about A.W.'s statements, according to appellant, effectively bolstered A.W.'s own testimony to the prejudice of appellant. FN2

FN2. Contrary to appellant's assertions under this assignment of error, the trial court was not required to find that A.W. was competent at the time she made her statements to the witnesses. *State v. Muttart,* 116 Ohio St.3d 5, 875 N.E.2d 944, 2007-Ohio-5267, ¶ 44.

A trial court's decision to admit or exclude evidence will not be reversed by a reviewing court absent an abuse of discretion. *State v. Craft,* Butler App. No. CA2006-06-145, 2007-Ohio-4116, ¶ 48. As stated, an abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable. *Hancock,* 2006-Ohio-160 at ¶ 130, 108 Ohio St.3d 57, 840 N.E.2d 1032.

The hearsay rule provides that out-of-court statements are inadmissible unless the evidence falls within one of the clearly delineated exceptions. See Evid.R. 801(C), 802, 803, and 804. The historic purpose of the hearsay rule is "to exclude statements of dubious reliability that cannot be tested by cross-examination." *State v. Yarbrough,* 95 Ohio St.3d 227, 767 N.E.2d 216, 2002-Ohio-2126, ¶ 70.

Appellant contends that certain testimony provided by four witnesses

8

contained inadmissible hearsay. First, A.W.'s mother testified that A.W. wrote down on a piece of paper that "[appellant] was touching my body parts." Appellant did not object when A.W.'s mother testified about this written statement. Generally, a party may not raise for the first time on appeal any issue or error that the party could have called to the trial court's attention at a time when the trial court could have ruled on the issue, or corrected the error, or avoided the error altogether. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 489 N.E.2d 277. *See, also*, *State v. Wamsley,* 117 Ohio St.3d 388, 884 N.E.2d 45, 2008-Ohio-1195, ¶ 28. Consequently, appellant waived any argument regarding the mother's testimony referencing A.W.'s written statement for purposes of appeal.

Next, appellant challenges testimony provided by pediatrician Amy Luckidoo. Dr. Luckidoo testified that A.W. told her "[appellant] put his private in my private." This statement was admissible under Evid.R. 803(4), which allows for the admission of statements made for the purpose of medical diagnosis or treatment. A.W.'s statement was made in response to Dr. Luckidoo's question asking her why she was there for a medical examination. A.W.'s answer clearly falls within the confines of Evid.R. 803(4), and there is no evidence that the statement was untrustworthy or unreliable. See *State v. Muttart,* 116 Ohio St.3d 5, 875 N.E.2d 944, 2007-Ohio-5267, ¶ 41-42; *State v. Dever* (1992), 64 Ohio St.3d 401, 410-11, 596 N.E.2d 436.

Appellant also challenges testimony provided by Ross County Children's Services investigator Laura Butt. On direct examination by the prosecution, Ms. Butt stated that her investigation was prompted by the fact that A.W. "made some comments to her Grandmother." Ms. Butt did not testify on direct examination as to the substance of these comments. Her testimony referencing these comments was not offered to prove that A.W. had in fact made certain comments to her grandmother. When an out-of-court statement is not offered for its truth, it is not hearsay. *State v. Echavarria,* Butler App. No. CA2003-11-300, 2004-Ohio-7044, ¶ 9. Ms. Butt's brief reference to A.W.'s statements to her grandmother on direct examination were not hearsay because they were not offered to prove the truth of the matter asserted, but to explain why she began her investigation.

On cross-examination, Ms. Butt testified that A.W. told her that appellant had "put his private part in her private part" and that it had happened three times. The prosecution did not question Ms. Butt on direct examination about statements made to her by A.W. Rather, this information was first elicited on cross-examination of Ms. Butt by

9

defense counsel. Therefore, appellant opened the door to this issue for questioning by the prosecution on re-direct examination. Any error pertaining to this was thus invited or induced by appellant himself and he may not take advantage thereof. *State ex rel. Kline v. Carroll,* 96 Ohio St.3d 404, 775 N.E.2d 517, 2002-Ohio-4849, ¶ 27.

Finally, appellant challenges certain evidence provided by A.W.'s grandmother. A.W.'s grandmother testified that A .W. told her that "[appellant] came in and started touching her in places and where he pees from, he stuck it in her" and that this had happened three times. A.W.'s grandmother also submitted a written statement to the police which cited statements made to her by A.W. Both the testimony and the document were allowed into the record over appellant's objections. Based upon the facts and circumstances of this case, the testimony and written statement were hearsay which did not fall under any hearsay exception. However, any error in the admission thereof was harmless. *Muttart* at ¶ 28. The trial court properly admitted similar testimony by other witnesses including A.W.'s mother, Dr. Luckidoo, Ms. Butt, and A.W. herself.

*State v. Welton, supra.*

In addressing these issues in his state court appeal, petitioner made no reference to the Confrontation or Due Process Clauses of the United States Constitution, nor did he refer to any federal cases or to state court cases that relied on federal constitutional law. *See Exhibit 8* to *Return of Writ*. To the extent that petitioner now attempts to present an issue of federal constitutional dimension, such issue may not properly be considered in these proceedings.

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless,* 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir.1986). A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions

10

employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.1993)(citing *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir.1987)). A petitioner does not fairly present his claim to the state courts simply because the facts necessary to a federal constitutional claim are present or because the constitutional claim appears to be self evident. *Haggins v. Warden,* 715 F.2d 1050, 1054 (6th Cir.1983)(citing *Harless,* 459 U.S. at 6). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin,* 811 F.2d at 326; *Petrucelli v. Coombe,* 735 F.2d 684, 688 (6th Cir.1984). However, a petitioner need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1960)).

The Sixth Circuit has strictly followed the requirement that a federal habeas corpus petitioner fairly present his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz,* 888 F.2d 1097, 1098 (6th Cir.1989).

To the extent that petitioner raises  issues regarding alleged violations of state evidentiary rules or state law,  those claims fail to present issues appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir. 1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and

11

procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988). Such are not the circumstances here.

Therefore, the Court concludes that claim two and the remaining portions of claim four are without merit.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability

12

should issue.

*s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

September 23, 2010

13